STATE OF MONTANA, Plaintiff and Respondent, v. SANTOS GARCIA, Defendant and Appellant.

No. 9836.

Submitted December 19, 1957. Decided December 30, 1957.

319 Pac. (2d) 962.

Messrs. Jones, Olsen & Dowlin, Billings, for appellant.

Mr. Forrest H. Anderson, Atty. Gen., Mr. Louis Forsell, Asst. Atty. Gen., Mr. Joseph E. Buley, Co. Atty., Billings, for respondent.

Mr. Paul G. Olsen and Mr. Forsell argued orally.

MR. CHIEF JUSTICE HARRISON:

Information charging the crime of selling liquor without a license, contrary to the provisions of the Montana Retail Liquor License Act, was filed against the defendant. To the information defendant demurred upon the ground that the title of the act under which he was charged contained no prohibition against the sale of liquor without a license and was therefore unconstitutional. Demurrer was overruled, plea of not guilty entered and upon trial the defendant was convicted and prosecutes this appeal.

The sole specification of error is that the court erred in failing to sustain the demurrer to the information.

In support of his contention the defendant cites the title to the act known as the Montana Retail Liquor Act as contained

in chapter 84 of the 1937 Session Laws and argues here that it contains no words prohibiting the sale of liquor without a license. Defendant does admit that the title discloses that the Act regulates, licenses and authorizes the sale of liquor at retail and authorizes and empowers the liquor control board to issue licenses for the sale of liquor.

It is not necessary for the purposes of this opinion to discuss the various contentions of the defendant for the reason that chapter 84 of the 1937 Session Laws was incorporated without reference to the original title in the Revised Codes of Montana 1947, as section 4-420. The Revised Codes of Montana 1947 were approved, legalized and adopted by the legislature by the provisions of chapter 4 of the Laws of 1951 which now appear as section 12-330, R.C.M. 1947.

This brings the contentions of the defendant squarely within our holding in State ex rel. Board of Com'rs v. Bruce, 104 Mont. 500, 69 Pac. (2d) 97, 104, being: "Any defect or omission in the title of an act so carried forward into the Codes and approved by a subsequent Legislature is thereby cured. Cashin v. Northern Pac. Ry. Co., 96 Mont. 92, 28 Pac. (2d) 862."

For this reason the judgment is affirmed.

We concur:

MR. JUSTICES CASTLES, ANGSTMAN, and ADAIR, and W. W. LESSLEY, District Judge (sitting in place of MR. JUSTICE BOTTOMLY, because of the latter's illness).